4492.

SUCCESSION OF JEAN BAPTISTE LANDRY AND M. TRAHAN, his wife, DORCINO LANDRY, and als *v.* EUGENE PERAY, Tutor, for a Partition.

Where a note for a certain sum of money was found in the success on of the father of the maker's wife, and was alleged to have been given in acknowledgment of an *avancement d'hoirie* to said wife, who subsequently died, leaving minors for her heirs;

Held—That said note being given in the individual name of the maker must be considered as his individual debt, and is not subject to colation on the part of the minors in the succession of their grandfather, and that, even admitting said note to have been an acknowledgment of indebtedness by the drawer in the name of his children, a tutor has no right to make such an acknowledgment.

APPEAL from the Parish Court, parish of Assumption. *A. P. Lauve*, judge *ad hoc*, in place of the parish judge, recusing himself. *R. N. Sims*, for appellee. *Nichols & False, Hiram H. Carver*, for appellants.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

MORGAN. J. The only question in this case is whether a note for $8375 06, found in the succession of Jean Baptiste Landry, dated seventeenth September, 1861, and signed by Eugene Peray, is to be colated as an "avancement d'hoirie" to the maker's wife during her life time, or whether it is an individual debt of the maker.

Mrs. Peray was the daughter of J. B. Landry. She died before her father, leaving minor children. Her father was in the habit of making advances to his children in anticipation of their rights in his succession. The note which it is alleged is subject to colation was given in the individual name of Peray, and must be considered as his individual debt. It is not signed by him as tutor to his children, and if it had been it would not have been binding upon his children. It was not an acknowledgment of indebtedness on the part of the children. The tutor has no right to make such an acknowledgment.

Admitting that the money which is represented by the note was given by Landry to his daughter, and was a debt due by her to him, when her father, after her death, took her husband's note for the debt, he novated it by taking another obligee therefor. The note forms a part of his succession, but it is not an obligation which the mother's children are responsible for.

Judgment affirmed.